IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60199
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH HAROLD GRAVES,
a/k/a Joe Diamond,
a/k/a Cowboy,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:96-CR-55-BrR
- - - - - - - - - -
December 4, 1997

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Joseph Harold Graves was convicted by a jury for being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). Graves attacks the validity of his indictment because it charged that he "did knowingly receive and possess firearms," but the statute, 18 U.S.C. § 922(g)(1) makes it a crime for a felon to possess or receive firearms. This argument has no merit because "a disjunctive statute may be pleaded conjunctively and proved

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disjunctively." United States v. Pigrum, 922 F.2d 249, 253 (5th Cir. 1991) (internal quotations and citation omitted). Graves also asserts that the difference in tenses related to possessing and receiving firearms transported in interstate commerce is vague and does not specifically define what behavior is prohibited. This point has been decided against him by this court in United States v. Fitzhugh, 984 F.2d 143, 145-46 (5th Cir. 1993).

Graves asserts that the Government manufactured federal jurisdiction over his offense by transporting the weapons in interstate commerce. See United States v. Clark, 62 F.3d 110, 112-14 (5th Cir. 1995). The three weapons had already moved in interstate commerce prior to coming into the hands of the ATF and any such past connection to interstate commerce was sufficient to confer federal jurisdiction. See Fitzhugh, 984 F.2d at 146.

Graves asserts that the district court erred in denying his motion to dismiss the indictment based on outrageous Government conduct. We review such claims de novo. United States v. Asibor, 109 F.3d 1023, 1039 (5th Cir. 1997). This case does not present the rare circumstances allowing a finding of outrageous conduct that violates due process. Graves was "an active, willing participant in the criminal conduct." Id.

Graves argues that the district court erred by permitting evidence of "all the historic details of the involvement of its agents with Graves relative to discussions about bombing federal buildings, ripping off a National Guard Armory, [and] membership in

an organization known as the Confederate States of America." The district court did not abuse its discretion in admitting this evidence under Fed. R. Evid. 404(b). United States v. White, 972 F.2d 590, 598-99 (5th Cir. 1992) (citing United States v. Beechum, 582 F.2d 898, 911 (1978) (en banc)).

Graves asserts that the district court erred in instructing the jury in three ways: (1) the instruction on possession; (2) the cautionary instruction relative to Rule 404(b); and (3) the instruction on entrapment. He concedes that the latter is reviewed for plain error only. Graves has not shown that "the instructions taken as a whole do not correctly reflect the issues and the law." United States v. McKinney, 53 F.3d 664, 676 (5th Cir. 1995) (citation and internal quotation omitted).

Graves asserts that there was insufficient evidence to support his conviction for possession of firearms by a felon. The elements of a § 922(g)(1) offense are that the defendant (1) has been convicted of a felony; (2) possessed a firearm in or effecting interstate commerce; and (3) knew that he was in possession of the firearm. United States v. Ybarra, 70 F.3d 362, 365 (5th Cir. 1995), cert. denied, 116 S. Ct. 1582 (1996). Graves contends that the evidence did not prove his actual possession of the firearms. The standard of review for sufficiency of evidence is whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt. United States v. Alix, 86 F.3d 429, 435 (5th Cir. 1996).

The evidence that Graves took the firearms and placed them in his duffle bag is sufficient to show actual possession of the firearms.

AFFIRMED.